UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PUBLIX SUPER MARKETS,
INC., and PUBLIX ASSET MANAGEMENT
COMPANY,

      Plaintiffs,

v.                                        CASE NO: 8:05-CV-274-T-RAL-MSS

INTERNATIONAL PURIFICATION
TECHNOLOGIES, INC.,

      Defendant.
_____/

### PERMANENT INJUNCTION

Before the Court is the parties' Agreed Motion for Permanent Injunction. The Court has reviewed the motion and court file and is fully advised. Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

1.    This case concerns claims by Plaintiffs PUBLIX SUPER MARKETS INC., and PUBLIX ASSET MANAGEMENT COMPANY (collectively "Publix") against Defendant INTERNATIONAL PURIFICATION TECHNOLOGIES, INC. ("IPT").

2.    Publix owns federal trademark registrations for the word mark PUBLIX® (e.g., Reg. No. 1,370,458) and the mark depicted below (the "P PUBLIX® Mark") (Reg. Nos. 1,373,131 & 1,772,095):



3. In this action, Publix contends that an IPT marketing campaign infringed Publix's rights in the PUBLIX® word mark and the P PUBLIX® Mark (collectively the "Marks"). Although IPT has denied the allegations of infringement, the parties have agreed to the entry of this permanent injunction in connection with a settlement of this matter.

4. IPT and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise are:

    a. enjoined and prohibited from:

        i. making any written or oral use of the Marks or any Publix gift certificate;

        ii. making any written or oral claim or suggestion of sponsorship, affiliation, or endorsement by Publix of IPT or any IPT goods or services;

        iii. making any use of the Marks, the name "Publix," any other Publix trademark or service mark, or Publix gift certificate; or

        iv. printing or causing to be printed any advertisements, post cards, mailings, fliers, posters, or other written materials or documents of any kind bearing any Mark or the word "Publix"; and

    b. required, within seven calendar days of entry of the injunction, to deliver to Publix's counsel either: (i) any and all advertisements, post cards, mailings, flyers, posters, or other written materials or documents of any kind bearing any

Mark or the word "Publix"; or (ii) a declaration stating under penalty of perjury that IPT has no such materials in its possession, custody, or control and has not transferred any such materials to any third parties.

5. The Court retains jurisdiction to enforce this permanent injunction.
6. The Clerk is directed to close this case.

9/29/05

RICHARD A. LAZZARA
United States District Judge